## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CHRISTY PECK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-20-701-AMG** |
| | ) | |
| **KILOLO KIJAKAZI, Acting** | ) | |
| **Commissioner of Social Security,**[1] | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Christy Peck ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 17, 18), and the parties have fully briefed the issues. (Docs. 23, 28).[2] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 21, 22). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Kilolo Kijakazi is the Acting Commissioner of the Social Security Administration and is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

## I.      Procedural History

Plaintiff filed an application on August 7, 2018, for DIB, alleging a disability onset date of December 15, 2015.  (AR, at 59, 202).  The SSA denied the application initially and on reconsideration.  (*Id*. at 95-98, 100-06).  An administrative hearing was then held on June 6, 2019.  (*Id*. at 27-58).  During this hearing, Plaintiff amended her alleged onset date to November 7, 2016.  (*Id.* at 188).  Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled.  (*Id*. at 13-22).  The Appeals Council subsequently denied Plaintiff's request for review.  (*Id*. at 1-6).  Thus, the ALJ's decision became the final decision of the Commissioner.  *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

## II.     The Administrative Decision

At Step One, the ALJ found that Claimant had not engaged in substantial gainful activity since November 7, 2016, the amended alleged onset date.  (AR, at 15).  At Step Two, the ALJ found that Claimant had the severe impairment of female genital tract cancer. (*Id*.)  At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id*. at 18).  The ALJ then determined that Plaintiff had the RFC

> to perform a full range of light exertion work as defined in 20 CFR 404.1567(b). The claimant has no other physical limitations or restrictions. **The claimant has no mental limitations or restrictions.**

(*Id*.) (emphasis added).  Then, at Step Four, the ALJ chose not to make a finding as to Plaintiff's capacity for past relevant work because "a finding of 'not disabled' is directed by Medical-Vocational Rule 202.20."  (*Id*. at 21).  Finally, at Step Five, the ALJ went on

to find that when "considering claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.*)  Thus, the ALJ found that Claimant had not been under a disability since November 7, 2016. (*Id.*)

## III.    Claims Presented for Judicial Review

On appeal, Plaintiff alleges that the ALJ committed legal error by failing to consider her mental limitations beyond the severity determination at Step Two. (Doc. 23, at 3-6). Plaintiff also argues there are unresolved inconsistencies between the ALJ's RFC determination and the medical opinions that the ALJ labeled persuasive and incorporated into his decision. (*Id.* at 5).

In response, the Commissioner argues that "the ALJ adequately considered the possible functional impact of Plaintiff's non-severe mental impairments in assessing her RFC." (Doc. 28, at 8).  The Commissioner explains that "even if the ALJ's findings might have benefitted from further explication," the ALJ's analysis remains sufficient. (*Id.* at 9). The Commissioner also rebuts Plaintiff's attempt to read inconsistency into the RFC by invoking medical opinions referencing Plaintiff's ability to do "some complex tasks." (*Id.* at 10-13).

## IV.    The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A

physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of

the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy.   20 C.F.R. § 404.1520(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id*.  "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."   *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted).  Substantial evidence is "more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted).  A court's review is based on the administrative record, and a court must "meticulously examine the

---

[3] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## V.   Analysis: The ALJ Adequately Considered Plaintiff's Mental Impairments in His Decision to Exclude Mental Limitations from the RFC.

At Step Two, the ALJ considered Plaintiff's mental impairments of depression, anxiety, agoraphobia, and substance addiction disorder (drugs). (AR, at 16). He extensively summarized the medical record relating to Plaintiff's mental impairments and performed the required "paragraph B" analysis. (*Id*. at 16-17). The ALJ found that Plaintiff is mildly limited in each of the four broad areas of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (*Id*. at 17). Therefore, he determined that the mental impairments were non-severe. (*Id*. at 16-17). Plaintiff accuses the ALJ of erring by performing "absolutely no analysis" of Plaintiff's mental impairments and corresponding limitations beyond this step. (Doc. 23, at 3).

Plaintiff is correct in asserting that when assessing a claimant's RFC, the ALJ must consider the combined effect of all the claimant's medically determinable impairments, whether severe or not severe.  20 C.F.R. § 404.1545(a)(2); SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996).  However, here, the ALJ did discuss Plaintiff's non-severe mental impairments while formulating the RFC.  (AR, at 19, 20).  He noted that:

> [Claimant] complained of depression and anxiety since before her cancer diagnosis. Despite these allegations, [C]laimant testified that she has a valid driver's license and drove herself to her disability hearing; that she has access to a cell telephone and that she can use it all by herself to make and receive telephone call[s] and to text; that she gets on the internet daily for about thirty minutes; and that she has a Facebook account and with about 100 Facebook friends. She also reported that she is able to perform personal care, prepare her own meals, drive a car, go out alone, shop in stores, do household chores, handle her finances, spend time with others, and perform hobbies such as reading and watching television (Ex. 4E/1-8, 8E/1-8, and Testimony).

(*Id.* at 19); (*id*. at 20, stating similar factors in performing symptom analysis).

Given this analysis, the Court agrees with the Commissioner.  While the ALJ's findings "might have benefitted from further explication" (Doc. 28, at 9), the ALJ's separate summary of Plaintiff's testimony and references to the medical evidence regarding Plaintiff's mental impairments – coupled with the explicit exclusion of mental limitations and restrictions in the RFC – shows the ALJ conducted an RFC assessment apart from his Step Two determination of non-severity.  *See Suttles v. Colvin*, 543 F. App'x 824, 826 (affirming the ALJ's decision, where he "discussed evidence relating to [non-severe] depression and then pointedly omitted any limitation associated with [it from] the RFC," while admitting the ALJ "could have been more explicit in tying the former discussion to

the latter conclusion")).  The RFC was based on the ALJ's "careful consideration of the entire record" (AR, at 18), which includes all the medical records relating to Plaintiff's mental impairments that the ALJ summarized at Step Two (*id.* at 16-17).  However, there is no language in the decision to suggest an improper conflation of the Step Two analysis with the Step Four analysis.  *See Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir.2013) (noting specific "language used [that] suggests that the ALJ may have relied on his step-two findings to conclude that [the claimant] had no [RFC] limitation based on her mental impairments").  Taking "common sense, not technical perfection, [a]s our guide," *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir.2012), we hold that the ALJ conducted a sufficient mental RFC assessment separate from the non-severity determination made at Step Two and that this assessment was supported by the requisite substantial evidence.

Plaintiff further alleges that it was error for the ALJ to fail to address or resolve a purported inconsistency between his RFC with no mental limitations or restrictions and the medical opinions provided by the state's doctors.  (Doc. 23, at 5).  To support this accusation, Plaintiff interprets the phrase "clmt has sufficient concentration and memory to [perform] simple, repetitive tasks and *some complex tasks* as evidenced by the clmt's functioning . . ." to mean that Plaintiff can only perform some – but not all – complex tasks.  (*Id.*) (quoting AR, at 71, 86) (emphasis added by Plaintiff).  Plaintiff contends that this should have resulted in a mental limitation in the RFC.

The Court declines to join Plaintiff in reading such inconsistency into the ALJ's decision.  *See Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018) ("[The Court] must strive to harmonize statements where possible; [it] may neither pick nits nor accept

8

a[ Plaintiff's] invitation to rely upon perceived inconsistencies."). The doctors did not recommend such a limitation – and, thus, the ALJ's exclusion of any mental RFC limitations remains compatible with both doctors' findings. Therefore, there exists no inconsistency for the ALJ to explain away and no error in the ALJ's failure to adopt Plaintiff's preferred set of limitations. *See Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) ("[When] none of the record medical evidence conflicts with the ALJ's conclusion, . . . the need for express analysis is weakened.").

Finally, any error committed by the ALJ in failing to adopt a limitation to "*only some* complex tasks" remains harmless, as the ALJ's determination of not disabled was directed by application of the Medical-Vocational Guidelines (AR, at 21), which encompass only unskilled jobs. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(b)). Unskilled jobs involve *only* "simple duties." 20 C.F.R. § 404.1568(b).

## VI.   Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **AFFIRMS** the decision of the Commissioner for the reasons discussed above.

**SO ORDERED** this 11th day of March, 2022.


AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE